101 F.3d 109
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Benton K. MOON, Plaintiff-Appellant,
v.
John ADLER, and his Manager of Internal Revenue Service,
Defendants-Appellees.
 No. 95-6374.
 United States Court of Appeals, Second Circuit.
 March 28, 1996.
 
 APPEARING FOR APPELLANT: Benton K. Moon, pro se, New York, N.Y.
 APPEARING FOR APPELLEES: Martin J. Siegel, Asst. U.S. Atty., New York, N.Y.
 Before NEWMAN, Chief Judge, PARKER, Circuit Judge and NICKERSON,* District Judge.
 SUMMARY ORDER
 SPRIZZO, Judge.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York was argued by appellant pro se and by counsel for appellees.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Benton K. Moon appeals pro se from the August 8, 1995, judgment granting the defendants' motion for judgment on the pleadings and dismissing the complaint. Benton had sought injunctive relief to prevent the collection of federal income taxes, and his complaint arguably seeks monetary relief.
 
 
 4
 The injunction claim was properly dismissed as barred by 26 U.S.C. § 7421. To the extent that Moon seeks a monetary recovery, either by way of a tax refund or damages, his claim was also properly dismissed. Any refund claim is barred by the fact that the assessments have not been paid. In addition, more than two years have elapsed since the Internal Revenue Service informed Moon of a disallowance of his claims. See 26 U.S.C. § 6532.
 
 
 5
 To whatever extent the merits of Moon's tax dispute with the IRS is implicated in this appeal, the claim is frivolous, since he is endeavoring to offset gambling losses against non-gambling income, a practice barred by 26 U.S.C. § 165(d).
 
 
 
 *
 Of the United States District Court for the Eastern District of New York, sitting by designation